## Royer et al. v. Danner.

*Practice, C. P. — Statement of claim — Notice—Attorney's designation— Act of May 14, 1915.*

1. A statement of claim will not be stricken off because the notice endorsed thereon reads, "to the within named defendant," while the Practice Act of May 14, 1915, P. L. 483, requires the words, "the within defendant."

2. Nor will it be stricken off because the signature of the attorney does not have after the word "attorney" the words "for the plaintiff."

3. Nor will it be stricken off because it contains an alleged immaterial averment that defendant is not in the military or naval service of the United States.

*Fictitious names—Registration—Averment in statement of claim—Practice, C. P.—Act of June 28, 1917.*

4. A statement of claim will not be stricken off on the ground that plaintiffs were doing business under a fictitious name, and that they had not averred that they were registered as required by the Act of June 28, 1917, P. L. 645. Registration will be presumed in such case.

Motion to strike off statement of claim. C. P. Schuylkill Co., Nov. T., 1921, No. 15.

*R. J. Graeff*, for plaintiff; *J. A. Ulrich*, for defendant.

BECHTEL, P. J., Nov. 14, 1921.—This is a motion to strike off the statement of claim filed by the plaintiff. It is contended that the statement does not comply with the Practice Act of May 14, 1915, P. L. 483, in that the notice endorsed on the statement is "to the within named defendant," and that the word "named" is not required by the act. Also, that the last line contains the word "thereof," whereas the act requires "hereof." We might say, in passing, that an inspection of the statement discloses that the word "hereof" was used.

Also, that the statement is not signed by the plaintiff's attorney, as required by the act. The statement is signed: "R. J. Graeff, Attorney, 32 W. Broad St., Tamaqua, Pa." We do not think that it is necessary to add thereto "attorney for the plaintiff," because if he were not attorney for the plaintiff he would have no right to file the declaration, and it is only in that capacity that he files it.

It is also claimed that the plaintiffs are doing business under a fictitious name, and that they do not set out in their statement that they are duly registered, as required by the Act of June 28, 1917, P. L. 645. There is no contention that they are not registered, and since the law requires their registration, it will be presumed that they have complied with its requirements.

It is also claimed that the defendant is not entitled to a set-off of any kind, and that this should not be contained in the statement. We do not think that there is any merit in this contention.

It is also claimed that the statement alleges that the contract was oral and that there need not be such an allegation because the action is upon a book account.

It is also alleged that the ninth paragraph in the statement sets forth that the defendant is not in the military or naval service of the United States, and that this is not material.

Royer et al. *v.* Danner.

We think that all these reasons are without merit and require no extended discussion at our hands.

And now, Nov. 14, 1921, the motion to strike off the plaintiff's statement is hereby overruled. From M. M. Burke, Shenandoah, Pa.